UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENZEL EARLY,                                        Case No. 25-13338

      Plaintiff,                                    F. Kay Behm
v.                                                              U.S. District Judge

LINDA FERRIS,

      Defendant.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT (ECF No. 1)
WITHOUT PREJUDICE AND ORDER TO SHOW CAUSE**

      Plaintiff Denzel Early filed this complaint on October 20, 2025.

ECF No. 1.  He also filed an application to proceed *in forma pauperis*,

which this court **GRANTS**.  ECF No. 2.  For the reasons set forth

below, the court **DISMISSES** the complaint without prejudice under 28

U.S.C. § 1915(e) and Fed. R. Civ. P 12(b)(1) because this court lacks

subject matter jurisdiction and his complaint fails to state a claim on

which relief may be granted.  Plaintiff is **FURTHER ORDERED** to

**SHOW CAUSE** as explained in detail below.

      Under 28 U.S.C. § 1915(e), a district court is required to screen

for, and *sua sponte* dismiss, claims brought by *pro se* litigants

proceeding *in forma pauperis* based on an indisputably meritless legal

1

theory, claims whose factual contentions are clearly baseless, and complaints that fail to state a claim upon which relief can be granted. *See* § 1915(e)(2)(B); *Gifford v. Grassley*, No. 20-10762, 2020 WL 4006845, at *2 (E.D. Mich. Apr. 6, 2020), *report and recommendation adopted*, No. 20-10762, 2020 WL 2028572 (E.D. Mich. Apr. 28, 2020); *Neitzke v. Williams*, 490 U.S. 319, 109 (1989).  Within the first category fall those cases in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit; within the second are those cases "describing scenarios clearly removed from reality."  *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990); *see Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *Barnaby v. Mayfield*, No. 20-1564, 2021 U.S. App. LEXIS 13422, at *2-3 (6th Cir. May 5, 2021) (citing *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)).  A complaint is also frivolous and can be dismissed if it provides no basis for federal jurisdiction.  *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. 1999) ("Since there is no basis for federal jurisdiction apparent on the face of Carlock's complaint . . . the district court properly dismissed the action as frivolous and for lack of subject matter jurisdiction.") (citing 28

U.S.C.A. § 1915(e)(2)(B); Fed. R .Civ. P. 12(h)(3)).  Under Federal Rule

of Civil Procedure 8(a)(1), all pleadings – even those brought *pro se* –

must properly invoke the jurisdiction of the federal courts by "short and

plain statement of the grounds for the court's jurisdiction."

   In considering whether a complaint should be dismissed because it

lacks a basis in law under § 1915(e), the court is especially mindful that

a *pro se* litigant's complaint is to be construed liberally.  *Dekoven v. Bell*,

140 F. Supp. 2d 748, 754 (E.D. Mich. 2001) (citing *Middleton v.*

*McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994)).  Further, "because

access to the courts is essential to the enforcement of laws and

protection of the values that are rooted deeply in our democratic form of

government, this Court may not treat lightly the claims of any litigant,

even those whose contentions appear fantastic and baseless on their

face." *Dekoven*, 140 F.Supp.2d at 754.  Thus, every complaint is

"entitled to a thorough review to determine whether it has merit and

states a federally cognizable claim." *Id.*  However, a plaintiff, even

proceeding *pro se,* must still "plead factual content that allows the court

to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

After a thorough and careful review of Plaintiff's complaint, taking all allegations as true and construing them liberally, Plaintiff fails to invoke this court's subject matter jurisdiction or state a claim on which relief may be granted.  Plaintiff claims that "Defendant, Nurse Linda Ferris, contacted the Plaintiff stating she would arrive on October 21, 2025, to pick up Plaintiff for a long-acting injectable shot and perform a forced intake, despite Plaintiff's refusal of such services made in writing over a month ago."  ECF No. 1, PageID.1.  He says he "has a living will and medical directive refusing psychiatric or chemical drug administration, and the Defendant's threats disregard these directives," and "Defendant is acting without government authority." *Id.*  He says he "identifies as a non-English Indigenous and African descendant, thereby invoking protection against coercion and involuntary treatment under international and domestic sovereignty principles."  *Id.*  He concludes that "Defendant's attempt to compel the Plaintiff's movement into uncharted territory or medical confinement constitutes a direct threat to liberty, bodily integrity, and interstate safety."  *Id.* at PageID.2.

He says his complaint is brought under 18 U.S.C. § 242, 18 U.S.C.

§ 1510, 42 U.S.C. § 1983, and 42 U.S.C. § 300 (what he calls the Health

Freedom Protection Act).  His § 1983 claim fails; his complaint states

that the Defendant is "acting without government authority," and so

accepting his Complaint as true, she is not a state actor under the

meaning of that statute.  *See* § 1983 (for deprivations "under color of"

state law).  His claims under 18 U.S.C. § 242 and 1510 fail because

those are criminal statutes with no private civil right of action.  *United*

*States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (no private right

of action under either of 18 U.S.C. §§ 241 or 242); *Leonard v. George*

*Wash. Univ. Hosp.*, 273 F. Supp. 3d 247, 2017 U.S. Dist. LEXIS 124307

(D.D.C. 2017) (no private right of action under § 1510,), *aff'd*, 2018 U.S.

App. LEXIS 18903 (D.C. Cir. July 9, 2018).  His complaint is framed as

a "criminal complaint for review by the U.S. Attorney's Office for the

Eastern District of Michigan," and is not properly brought as a civil

action.  His citation to 42 U.S.C. § 300 is not explained and does not

obviously invoke a particular right; that section (and subsequent

sections) are the so-called "Church Amendments" and regard healthcare

workers' rights to refuse to participate in abortions or sterilizations due

to religious or moral objections.  Early does not allege that he is a

healthcare worker but rather appears to invoke a right to refuse

medical care.  As far as his complaint can be read to invoke a right to

refuse treatment from a private actor, that seems to attempt to invoke a

state law right and fails to invoke this court's federal jurisdiction (*see,*

perhaps, Mich. Comp. Laws § 333.20201(f) ("A patient or resident is

entitled to refuse treatment to the extent provided by law and to be

informed of the consequences of that refusal.")).

Therefore, the court **DISMISSES** Plaintiff's Complaint in full

**WITHOUT PREJUDICE** for failure to state a claim and for lack of

subject matter jurisdiction.  The court declines to grant permission to

appeal *in forma pauperis*, as Plaintiff's claims are frivolous and any

appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

Finally, the court notes that Plaintiff is a frequent flyer in this

federal district and has to date filed a substantial number of lawsuits

that multiple judges have found to be either frivolous or fail to state a

claim.  *See Early v. Sieg*, No. 19-cv-11886 (E.D. Mich. July 16, 2019)

(dismissed for failure to state a claim); *Early v. U.S. Department of*

*Education et al.*, No. 19-cv-11908 (E.D. Mich. July 2, 2019) (same);

6

*Early v. City of Detroit et al.*, No. 25-cv-12321 (E.D. Mich. July 31, 2025) (same); *Early v. U.S. F.D.A.*, No. 25-cv-12345 (E.D. Mich. Aug. 7, 2025) (same); *Early v. Braxton et al.*, No. 25-cv-13054 (E.D. Mich. Oct. 30, 2025) (same); *Early v. Stonecrest et al.*, No. 25-mc-50019 (E.D. Mich. June 3, 2025) (same); *Early v. City of Detroit et al.*, No. 25-cv-12925 (E.D. Mich. Sept. 23, 2025) (same); *Early v. Whitmer*, No. 25-cv-1231 (E.D. Mich. Aug. 8, 2025) (same); *Early v. Durhal*, No. 25-cv-12407 (E.D. Mich. Aug. 12, 2025) (frivolous and failed to state a claim); *Early v. Midland Credit Management et al.*, No. 19-cv-11907 (E.D. Mich. July 11, 2019) (the same); *Early v. Michigan First Credit Union*, No. 25-cv-12365 (E.D. Mich. Aug. 7, 2025) (Behm, J.) (same).  A few of his cases have been dismissed for lack of jurisdiction instead.  *Early v. Porter*, No. 25-cv-12319 (E.D. Mich. July 30, 2025) (lack of subject matter jurisdiction); *Early v. Harry*, No. 25-cv-1333 (E.D. Mich. Oct. 22, 2025) (same); *see also Early v. Pritzker*, No. 25-cv-12344 (E.D. Mich. Oct. 30, 2025) (improper venue).  Several have been dismissed on the basis that Early presented sovereign citizen-like theories regarding the "Treaty of 1796" and that he tried to invoke the court's jurisdiction in that way, as he likewise appears to do in this case by his reference to "international

sovereignty" principles.  *See Early v. Hasan*, No. 19-cv-11977 (E.D. Mich. July 16, 2019) (dismissed for lack of subject matter jurisdiction and explaining the frivolity of such arguments); *Early v. Abramo*, No. 19-cv-11976 (E.D. Mich. July 10, 2025) (same).  The court did not identify a single case filed by Mr. Early in this district that has not been dismissed for failure to state a claim or for lack of jurisdiction.[1]

It appears that Plaintiff has engaged in a pattern of filing repetitive, frivolous, and/or vexatious cases in this district.  A district court has discretion to impose pre-filing restrictions in cases "with a history of repetitive or vexatious litigation."  *United States ex rel. Odish v. Northrop Grumman Corp.*, 843 F. App'x 748, 750 (6th Cir. 2021) (per curiam) (quoting *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998)).  But before imposing such restrictions, due process requires the court to give the litigant notice and an opportunity to be heard.  *Puckett v. Ain Jeem, Inc.*, No. 24-5282/5537, 2025 LX 191371, at *11 (6th Cir. Feb. 11, 2025).

---

[1] Not including several pending actions that were recently filed and have not yet had significant docket activity.

It is therefore **FURTHER ORDERED** that Early must **SHOW CAUSE**, in writing and within 14 days of entry of this order, why the court should not enter pre-filing restrictions on actions in this district under Local Rule 5.2.

This is a final order that closes the case. The court retains jurisdiction to consider the matter of pre-filing restrictions.

**SO ORDERED**.

Date: November 4, 2025          s/F. Kay Behm
                               F. Kay Behm
                               United States District Judge